**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5076**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

MARCIL ANTONIO SMITH, a/k/a Tony, a/k/a Tony Smith, a/k/a
Fat Cat,

    Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:95-cr-00081-F-1)

Submitted:  October 29, 2010   Decided:  November 19, 2010

Before WILKINSON, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne
M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcil Antonio Smith appeals the thirty-six-month sentence imposed by the district court upon revocation of his supervised release. We previously vacated a sixty-month revocation sentence and remanded for resentencing because the district court upwardly departed from the five-to-eleven month advisory range based on a finding that Smith had twice previously been accorded leniency during revocation proceedings after the court found that Smith had engaged in criminal conduct including the use of marijuana. Because the district court had not found that Smith used marijuana and had found only one prior violation of the terms of his supervision, the Government conceded error, and we remanded for resentencing. United States v. Smith, No. 09-4246 (4th Cir. July 9, 2009) (unpublished order).

On remand, the district court again upwardly departed from the advisory guideline range and explained its departure by reference to the leniency that it twice afforded Smith and that Smith continued to engage in criminal conduct. The court also stated that Smith continued to disregard the conditions of his supervision and that "no amount or level of supervision [ ] could insure the safety of the community from the harms of this defendant." The district court explained that the only criminal conduct for which it found a violation of supervision was

2

Smith's driving after his license was revoked. However, the court also relied on the fact that Smith had been in and out of prison since age 16, his criminal history — including convictions for conspiracy to sell and deliver cocaine and resisting a public officer — and the leniency allowed when, "[i]n 2007, Smith appeared before this court on two separate occasions for revocation hearings."

On appeal from the thirty-six-month revocation sentence, Smith contends that the district court made the same error after remand as that which resulted in the remand — erroneously finding that the court had twice found Smith in violation of his supervised release and yet afforded him leniency by continuing his supervision.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). However, only if we conclude that a sentence is procedurally or substantively unreasonable will we consider whether the sentence is plainly unreasonable. Id. at 439.

During the revocation proceeding, Smith requested a sentence within the advisory guideline range, or at least a lesser departure. Because Smith requested a sentence different than the one imposed, any error by the district court must

3

result in a reversal unless the error is harmless. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010).

On remand, Smith's counsel repeatedly informed the district court that no violation was found during Smith's second revocation hearing in 2007. In providing its reasons for departing upward to thirty-six months, the district court stated that Smith was twice afforded leniency in revocation proceedings in 2007. However, the district court's overall findings in support of the upward departure differed after remand from those that resulted in the remand. Notably, in the prior ruling, the district court found that Smith had committed violations on two prior occasions, with one being for use of marijuana. Based on that finding and others, the district court departed upward to sixty months. Here, with slightly modified findings, but still stating that the court twice afforded Smith leniency, the court sentenced Smith to thirty-six months.

In light of the totality of the district court's findings, including Smith's recidivism, his involvement with drugs, his lack of respect for authority, and the fact that he received a significant downward departure at his original sentence, and the district court's conclusion that "no amount or level of supervision [ ] could insure the safety of the community from the harm of [Smith,]" we conclude that any error by the court in stating that Smith was twice afforded leniency

4

did not affect the length of his sentence, and therefore was harmless. Further, we hold that the thirty-six-month sentence imposed upon Smith's revocation was not clearly unreasonable, especially when considered in light of the court's findings and the fact that Smith received a downward departure from the guideline range determined for his conviction on the underlying offense. See U.S. Sentencing Guidelines Manual § 7B1.4, p.s., comment. (n.4) ("When the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), . . . an upward departure may be warranted.").

Accordingly, we affirm the thirty-six-month sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5